UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| TOBIAS MOELLER-BERTRAM, individually, and on behalf of all others similarly situated,<br><br>        *Plaintiff*,<br><br>    v.<br><br>GEMINI TRUST COMPANY, LLC; and DIGITAL CURRENCY GROUP, INC.,<br><br>        *Defendants*. | Case No. 1:23-cv-02027 |

## STIPULATION AND ORDER

WHEREAS, plaintiff Tobias Moeller-Bertram ("Plaintiff") commenced the above-captioned putative class action (the "Action") on February 22, 2023 in the Supreme Court of the State of New York, New York County, against Defendant Digital Currency Group, Inc. ("DCG") and Defendant Gemini Trust Company, LLC ("Gemini," together with DCG, "Defendants");

WHEREAS, on February 23, 2023, Defendants' respective registered agents received service of the Summons and Complaint in this Action, which asserts claims under the Securities Act of 1933;

WHEREAS, Defendant DCG removed this Action from the Supreme Court of the State of New York, New York County, to this Court on March 9, 2023;

WHEREAS, pursuant to Federal Rule of Civil Procedure 81(C)(2), Defendants would be required to file and serve an answer or a motion on or before March 16, 2023 (within the later of "21 days after being served with summons for an initial pleading on file at the time of service" or "7 days after the notice of removal is filed");

WHEREAS, Plaintiff intends to file a motion to remand this Action to the Supreme Court of the State of New York, New York County;

WHEREAS, counsel for DCG and counsel for Plaintiff have conferred and agree that DCG's response to the Complaint should be deferred pending the Court's resolution of Plaintiff's motion to remand the Action;

WHEREAS, in reaching this agreement, DCG reserves all rights, including with respect to the provisions of the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. § 77z-1, *et seq.,* applicable to this putative securities class action;

WHEREAS, in reaching this agreement, Plaintiff reserves all rights, including the right to object to this Court's jurisdiction and application of the PSLRA, and by entering into this stipulation, Plaintiff does not expressly or impliedly concede that this Court has jurisdiction over the Action or that the PSLRA applies.

IT IS HEREBY STIPULATED AND AGREED, subject to the Court's approval, as follows:

1. Defendant DCG's time to answer, move, or otherwise respond to the *Moeller-Bertram* Complaint is stayed until after the Court resolves Plaintiff's motion to remand the Action to Supreme Court of the State of New York, New York County.

2. If the Court denies Plaintiff's motion to remand this Action, counsel for the Parties shall within five (5) business days of the Court's order confer regarding a proposed schedule for DCG's time to answer or otherwise respond to the Complaint.

3. Within five (5) business days thereafter, the parties shall jointly submit their proposed schedule to the Court for approval, or, if the parties are unable to reach agreement, then the parties shall each submit separate proposed schedules to the Court for approval.

Dated: March 14, 2023

SO ORDERED.

_____
LEWIS J. LIMAN
United States District Judge

3-15-23