**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| TOBIAS MOELLER-BERTRAM, individually, and on behalf of all others similarly situated, | ) ) ) | Case No. 1:23-cv-02027 |
| | ) | |
| Plaintiff, | ) | Hon. Lewis J. Liman |
| | ) | |
| v. | ) | |
| | ) | |
| GEMINI TRUST COMPANY, LLC; and DIGITAL CURRENCY GROUP, INC. | ) ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |

**PLAINTIFF'S REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF**
**MOTION TO REMAND TO STATE COURT**

## **TABLE OF CONTENTS**

**Page No.**

TABLE OF AUTHORITIES ................................................................................... ii

PRELIMINARY STATEMENT ............................................................................ 1

ARGUMENT .......................................................................................................... 3

I.    THE SECOND CIRCUIT'S DECISION IN *WORLDCOM* IS NEGATED BY
      THE SUPREME COURT'S DECISION IN *CYAN* ........................................... 3

II.   SECTION 22(A)'S REMOVAL PROHIBITION OVERRIDES THE SECTION
      1452 BANKRUPTCY REMOVAL PROVISION ............................................ 5

III.  SECTION 22(A)'S REMOVAL PROHIBITION OVERRIDES THE CAFA
      REMOVAL PROVISION ................................................................................. 8

CONCLUSION ..................................................................................................... 10

## **TABLE OF AUTHORITIES**

**Page No(s).**

### CASES

*Cal. Pub. Employees Ret. Sys. v. WorldCom, Inc.*,
    368 F.3d 86 (2d Cir. 2004)................................................................ 1, 7, 8

*Cyan, Inc. v. Beaver Cty. Employees Retirement Fund*,
    138 S.Ct. 1061 (2018)....................................................................... passim

*Estate of Pew v. Cardarelli*,
    527 F.3d 25 (2d Cir. 2008)................................................................ 9

*Katz v. Gerardi*,
    552 F.3d 558 (7th Cir. 2009) ............................................................ 8

*Luther v. Countrywide Home Loans Servicing LP*,
    533 F.3d 1031 (9th Cir. 2008) .......................................................... 8, 9

*N.J. Carpenters Vacation Fund v. HarborView Mortg. Loan Tr. 2006-4*,
    581 F. Supp. 2d 581 (S.D.N.Y. 2008)............................................... 9

*Owen v. Elastos Foundation*,
    438 F. Supp. 3d 187 (S.D.N.Y. 2020)............................................... 5

*Radzanower v. Touche Ross & Co.*,
    426 U.S. 148 (1976).......................................................................... 6

*Tenn. Consol. Ret. Sys. v. Citigroup, Inc.*,
    2004 U.S. Dist. LEXIS 24043 (M.D. Tenn. Oct. 12, 2004) .............. 5, 7

*Vanbecelaere v. YayYo, Inc.*,
    2020 U.S. Dist. LEXIS 163680 (C.D. Cal. Sep. 8, 2020).................. 9

### STATUTES

15 U.S.C. § 77v(a) ................................................................................ 1

Plaintiff Tobias Moeller-Bertram, through his undersigned counsel, submits this reply memorandum of law in further support of his motion to remand this action to the New York State Supreme Court, New York County.

## PRELIMINARY STATEMENT

Defendants[1] have not met their burden of establishing that removal is permissible here.[2] The plain language of Section 22(a) of the Securities Act is clear: "Except as provided in section 77p(c) of this title [Section 16(c)], ***no case*** arising under this subchapter and brought in any State court of competent jurisdiction shall be removed to any court of the United States." 15 U.S.C. § 77v(a) (emphasis added). Accordingly, whether or not Defendants satisfy the bankruptcy removal provision in Section 1452 or the CAFA removal provision in Section 1453, Section 22(a) clearly states that an action brought under the Securities Act ***shall not*** be removed to federal court. The removal prohibition is absolute, with a narrow exception that is inapplicable here.

In their opposition, Defendants repeat the Second Circuit's arguments in *Cal. Pub. Employees Ret. Sys. v. WorldCom, Inc.*, 368 F.3d 86, 100 (2d Cir. 2004) and summarily dismiss the Supreme Court's decision in *Cyan, Inc. v. Beaver Cty. Employees Retirement Fund*, 138 S.Ct. 1061 (2018) as not relevant here. However, not only is *WorldCom* distinguishable on its facts, *WorldCom* is also no longer applicable in light of *Cyan.* In *Cyan,* the Supreme Court emphasized

---

[1]   All abbreviations used herein are the same as those in Plaintiff's Memorandum of Law in Support of Motion to Remand to State Court, filed on April 7, 2023 (Dkt. No. 24) ("Opening Brief" or "Opening Br."), unless otherwise noted.

[2]   Defendants argue that they have met their burden of showing that removal is proper under Section 1452(a) and that the burden is now on Plaintiff to show there is an exception to removal. DCG's Memorandum of Law in Opposition to Plaintiff's Motion to Remand, filed on April 21, 2023 (Dkt. No. 26), as adopted by Gemini (Dkt. No. 27) ("Def. Br.") at 4. However, because Section 22(a) expressly prohibits removal of this action, Defendants have failed to meet their burden of demonstrating that removal was proper in the first instance. Nevertheless, as Defendants concede (Def. Br. at 4 n.2), it is irrelevant which party here has the burden of establishing removal or an exception to removal because at issue is the legal question of whether the bankruptcy removal provision and the CAFA removal provision override Section 22(a)'s prohibition on removal. As explained in Plaintiff's Opening Brief and herein, they do not.

that the plain language of Section 22(a) is clear. The prohibition against removing claims brought under the Securities Act is unquestionable and remains in effect even after the enactment of SLUSA, which expanded federal jurisdiction, but also preserved the state courts' longstanding concurrent jurisdiction over Securities Act claims. Accordingly, this action, which only alleges claims under the Securities Act, cannot be removed.

To the extent that Section 22(a) conflicts with the bankruptcy and CAFA removal provisions, the principles of statutory construction mandate that Section 22(a) be given effect over the removal provisions. In the first instance, Section 22(a) is more specific than both Section 1452 and Section 1453. Section 22(a) addresses a narrow set of claims, brought specifically under the Securities Act. In contrast, Section 1452 includes claims tangential to a bankruptcy proceeding, which may be (but are not definitively) "related to" the bankruptcy. CAFA expanded federal jurisdiction over certain class actions by no longer requiring complete diversity among the parties and by permitting such actions to be removed to federal court under Section 1453. Furthermore, Section 22(a) does not unduly interfere with either removal provision as Section 22(a) does not limit the goals of a centralized bankruptcy proceeding or having a federal court hear large class actions. Because Section 22(a) is the more specific statute, it should be given effect over the bankruptcy and CAFA removal provisions.

Furthermore, Section 22(a) should also be given effect over the bankruptcy removal provision because it is the later amended statute. SLUSA was enacted to specifically deal with the scope of federal jurisdiction with respect to the enforcement of securities laws. The scope of federal jurisdiction is at the heart of Section 22(a). Although SLUSA expanded federal jurisdiction, it maintained the long-standing concurrent jurisdiction of state courts with respect to Securities Act claims. In enacting SLUSA, Congress could have, but did not, add any further exceptions to

Section 22(a)'s prohibition against the removal of state court Securities Act lawsuits, even though it was well aware of the conflicting bankruptcy removal provision.

For these reasons, as set forth in greater detail below, Section 22(a)'s prohibition against removal overrides both the bankruptcy removal provision and the CAFA removal provision, and this action should be remanded to the New York State Court.

## ARGUMENT

Defendants do not disagree that Section 22(a) prohibits removal of class actions brought in state court pursuant to the Securities Act. This action only involves claims under the Securities Act, and does not assert any claims based on state law. Therefore, Section 22(a)'s prohibition against removal applies. Opening Br. at 4-5.

## I.    THE SECOND CIRCUIT'S DECISION IN *WORLDCOM* IS NEGATED BY THE SUPREME COURT'S DECISION IN *CYAN*

Defendants argue that the Second Circuit in *WorldCom* has already held that otherwise nonremovable claims under the Securities Act brought in state court may be removed to federal court if they fall under Section 1452. Def. Br. at 5. Defendants also argue that under the reasoning in *WorldCom*, such nonremovable claims may be removed if they fall under the CAFA requirements in Section 1453. Def. Br. at 15-16.

However, the reasoning set forth by the Supreme Court's decision in *Cyan* negates the holding in *WorldCom*. Although the Supreme Court in *Cyan* did not specifically address the issue of how to resolve the conflict between Section 22(a) of the Securities Act, and the bankruptcy removal provision or the CAFA removal provision, *Cyan* is still important to determining whether the Second Circuit's decision in *WorldCom* remains good law. The specific issue in *Cyan* was whether SLUSA divested state courts' jurisdiction over claims asserted solely under the Securities Act. *Cyan* at 1069. However, as Defendants acknowledge (Def. Br. at 9), the federal government

3

in its *amicus curiae* brief also raised the issue of whether SLUSA allowed defendants to remove Securities Act claims to federal court. The Supreme Court stated that, because "the removal issue is related to the parties' jurisdictional argument, and both [parties] addressed it in briefing and argument … *we consider as well the scope of §77p(c)'s removal authorization.*" *Cyan*, 138 S.Ct. at 1069 (emphasis added). Accordingly, regardless of the procedural posture of the case, the Supreme Court *did* consider, and *did* decide, the removal issue.

The Supreme Court held that SLUSA did not divest state courts of their authority over class actions under the Securities Act and that such actions were not removable to federal court. *Id.* at 1078. In so holding, *Cyan* provided an in-depth analysis of Section 22(a), including the amendments to the statute pursuant to SLUSA. The Supreme Court explained that Congress had the opportunity to require that Securities Act class actions be brought in federal court, as it did with the Exchange Act class actions, but Congress chose not to do so. *Id.* at 1073. The Supreme Court posited that "perhaps it was because of the long and unusually pronounced tradition of according authority to state courts over 1933 Act litigation," but that the Court would "not revise that legislative choice." *Id.* In rejecting the government's argument that Securities Act class actions were removable to federal court, the Supreme Court noted that the government "makes the same makes as [Petitioner]: It distorts SLUSA's text because it thinks Congress simply must have wanted 1933 Act class actions to be litigated in federal court. But this Court has no license to disregard clear language based on an intuition that Congress must have intended something broader." *Id.* at 1078.

Thus, *Cyan* reaffirmed that, pursuant to the plain language of Section 22(a), state court class actions asserting Securities Act claims are not removable to federal court, even after SLUSA.[3]

## II.     SECTION 22(a)'S REMOVAL PROHIBITION OVERRIDES THE SECTION 1452 BANKRUPTCY REMOVAL PROVISION

As explained in further detail in Plaintiff's Opening Brief, *WorldCom*'s application of the relevant principles of statutory construction is both distinguishable, because *WorldCom* discussed *individual* claims, and rendered nugatory, in light of Section 22(a)'s primacy as reaffirmed in *Cyan*. Opening Br. at 6-13. Defendants merely repeat the reasoning in *WorldCom* without fully addressing Plaintiff's arguments.

<u>First</u>, Section 22(a) is more specific than Section 1452(a). Opening Br. at 7-8. Defendants parrot the Second Circuit in *WorldCom* and argue that, because Section 22(a) and Section 1452(a) both apply to types of actions and not to types of plaintiffs, neither is more specific than the other. However, Section 22(a) does indeed apply to "a particular and well defined group of Plaintiffs that Congress consciously selected after a study of state and federal securities class actions." Opening Br. at 8 (quoting *Tenn. Consol. Ret. Sys. v. Citigroup, Inc.*, 2004 U.S. Dist. LEXIS 24043, at *13 (M.D. Tenn. Oct. 12, 2004) and citing cases). Defendants challenge this argument by repeating what the Second Circuit argued in *WorldCom* (Def. Br. at 12), but do not address the authority cited by Plaintiffs on this point.

---

[3]     Defendants argue that one court in this District has held that *Cyan* does not undermine *WorldCom*. Def. Br. at 11 (citing *Owen v. Elastos Foundation*, 438 F. Supp. 3d 187 (S.D.N.Y. 2020)). However, in reviewing the legislative history of SLUSA and the longstanding prohibition to removal in Section 22(a), the Supreme Court in *Cyan* reasoned that to adopt the petitioner or the government's arguments, there needed to be something explicitly altering Section 22(a)'s prohibition removal. *Cyan* 138 S.Ct. at 1071-72. This same reasoning is applicable here. Neither the bankruptcy removal provision nor the CAFA removal provision explicitly changes Section 22(a).

Further, Defendants misconstrue Plaintiff's argument about Section 1452(a) being a more general statute because it covers actions that are "related to" bankruptcies. Plaintiff is not arguing that there are numerically more claims under Section 1452(a). Def. Br. at 12. Rather, Plaintiff argues that by including "related to" claims, Section 1452(a) is "capturing a broader set of claims." Opening Br. at 8. In contrast, the removal prohibition in Section 22(a) is specific to securities claims brought under the Securities Act, a narrow class in a larger universe of claims that includes claims such as those brought under the Exchange Act, and that fall within the exclusive jurisdiction of federal courts. *Cyan*, 138 S.Ct. at 1066. There is no requirement, as Defendants argue (Def. Br. at 12), that the general statute must "subsume" the specific statute rather than merely overlap one another. Instead, as the Supreme Court in *Radzanower* explained, the issue is determining which provision is more expansive, with the focus being on the intent and purpose of the statute. For example, in *Radzanower*, the "narrow venue provisions of the National Bank Act" were intended to focus on "the particularized problems of national banks that might be sued in the state or federal courts." The conflicting Exchange Act was focused "on the objective of promoting fair dealing in the securities markets, and it enacted a general venue provision applicable to the broad universe of potential defendants subject to the prohibitions of that Act." *Radzanower v. Touche Ross & Co.*, 426 U.S. 148, 153-54 (1976). Here, Section 22(a) is focused on claims specifically brought under the Securities Act.[4] In contrast, Section 1452(a) is focused on "the broad universe" of all claims that are "related to" a bankruptcy, which includes, as Defendants have argued, claims with merely a "conceivable" effect on the bankrupt estate. Def. Br. at 4. Thus, Section 22(a) is clearly more specific than Section 1452(a).

---

[4]    *Cf. Cyan*, 138 S.Ct. at 1073 (noting that because federal courts have exclusive jurisdiction over Exchange Act claims, "the bulk of securities class actions would proceed in federal court—because the 1934 Act regulates all trading of securities whereas the 1933 Act addresses only securities offerings").

Second, the Second Circuit in *WorldCom* found, and Defendants repeat, that even if Section 22(a) were more specific, "it would not necessarily control" because it "unduly interferes" with the Bankruptcy Code. *WorldCom*, 368 F.3d at 103-04; Def. Br. at 12-13. However, Section 22(a) does not unduly interfere with Section 1452(a) because it does not foreclose removal of any types of claims other than those brought under the Securities Act in state court. Moreover, Defendants' argument could just as easily be made in the reverse direction. Applying the same analysis to Defendants' position, even if Section 1452(a) were more specific than Section 22(a) (which it is not), Section 1452(a) "unduly interferes" with Section 22(a). The longstanding Congressional granting of jurisdiction to the state courts over claims asserted under the Securities Act is seriously undermined if cases that fall under Section 1452(a) may be removed, notwithstanding the removal ban in Section 22(a).

Third, as the more recently enacted statute, Section 22(a) controls over Section 1452(a). Again, Defendants repeat the argument in *WorldCom* that nothing in SLUSA expanded state-court jurisdiction over Securities Act claims. Def. Br. at 13. However, SLUSA addressed the issue raised here, namely the scope of federal jurisdiction, but did not change the express prohibition against removing Securities Act claims brought in state court. Indeed, Congress did not change Section 22(a)'s removal prohibition even "with full cognizance of the existence and breadth of Section 1452(a)." *Tenn. Consol.*, 2004 U.S. Dist. LEXIS 24043, at *17.

Fourth, giving effect to Section 22(a) would not, as the Second Circuit reasoned in *WorldCom*, 368 F.3d at 106, render superfluous the "except as otherwise expressly provided by Act of Congress" language contained in the general removal provision, Section 1441(a). Defendants argue that Plaintiff has not refuted this point. Def. Br. at 14. However, Plaintiff directly addressed this point in depth. Opening Br. at 12.

In *WorldCom*, the Second Circuit reasoned that, if Section 22(a)'s prohibition on removal were to override the bankruptcy removal provision, this would "essentially be pasting the introductory clause of Section 1441(a) … into Section 1452(a)." 368 F.3d at 107. The Second Circuit found that doing so would be "violence to the statutory scheme" of Section 1452(a). *Id.* However, the Second Circuit's reasoning would equally cause "violence" to the plain language of Section 22(a) in giving effect to the bankruptcy removal provision over Section 22(a). If the bankruptcy removal provision trumps Section 22(a)'s prohibition on removal, this effectively changes the meaning of the words "[e]xcept as provided in section 77p(c) of this title" in Section 22(a). By forcing Section 22(a) to cede to the bankruptcy removal provision, the *WorldCom* court has added an exception to Section 22(a)'s prohibition on removal, which is not found in the plain language of the statute. In effect, the Second Circuit is adding the language "except as otherwise stated by Act of Congress" to Section 22(a)'s prohibition on removal. Accordingly, the Second Circuit's concerns about surplusage language in the general removal provision cannot be a basis for giving effect to Section 22(a) over Section 1452(a).

## III.   SECTION 22(a)'S REMOVAL PROHIBITION OVERRIDES THE CAFA REMOVAL PROVISION

As the more specific provision, Section 22(a) overrides the CAFA removal provision.[5] *See* Opening Br. at 13-14 (citing *Luther v. Countrywide Home Loans Servicing LP*, 533 F.3d 1031, 1034 (9th Cir. 2008) ("CAFA's general grant of the right of removal of high-dollar class actions does not trump § 22.(a)'s specific bar to removal of cases arising under the Securities Act of

---

[5]      Defendants argue that Section 1453(d) which sets forth certain cases not subject to removal under CAFA would be meaningless if Section 22(a) overrides Section 1453. Def. Br. at 15 (citing *Katz v. Gerardi*, 552 F.3d 558 (7th Cir. 2009)). However, the exception in Section 22(a) would also be rendered meaningless if Section 1453 trumped Section 22(a). Hence, there is an irreconcilable conflict based on the plain language of both Section 1453 and Section 22(a).

1933.")).[6] Defendants argue that the Second Circuit's reasoning in *WorldCom* and not the Ninth Circuit's decision in *Luther* is binding on this Court. Def. Br. at 16. However, the Second Circuit in *WorldCom* did not compare the CAFA removal provision with Section 22(a). Rather, *WorldCom* was limited to the bankruptcy removal provision. Nevertheless, as discussed above, the Second Circuit's interpretation and application of the principle that a specific statute will not be preempted by a general statute, as set forth in *Radzanower*, is questionable in light of *Cyan*. Moreover, it cannot be denied that CAFA is the more general statute, as it addresses the mechanism in which lawsuits are brought on behalf of larger groups (regardless of the nature of the claims), whereas Section 22(a) specifically deals with claims brought under the Securities Act.

Defendants also argue that Section 22(a) would unduly interfere with the CAFA removal provision and that even if Section 22(a) were more specific, it should not override CAFA. Def. Br. at 16. Defendant cites to *N.J. Carpenters Vacation Fund v. HarborView Mortg. Loan Tr. 2006-4*, 581 F. Supp. 2d 581 (S.D.N.Y. 2008), which, in turn relies on *Estate of Pew v. Cardarelli*, 527 F.3d 25 (2d Cir. 2008). However, as the Ninth Circuit noted, *Estate of Pew* was not controlling because it "did not address the interplay between CAFA and § 22(a)." *Luther*, 533 F.3d at 1034. Accordingly, "[b]ecause the claim proceeded under state law rather than the 1933 Act, §22(a) did not apply on its terms." *Id.* In any event, Section 22(a) would not unduly interfere with CAFA. Section 22(a) addresses a narrow subset of class actions that may fall under CAFA removal. In contrast, CAFA covers large class actions, regardless of the type of underlying claims and otherwise preserves federal jurisdiction over such cases.

---

[6]     Defendants question whether *Luther* remains good law. Def. Br. at 16 n.3. However, the courts in the Ninth Circuit have concluded that *Luther* is still binding. *See, e.g., Vanbecelaere v. YayYo, Inc.*, 2020 U.S. Dist. LEXIS 163680, at *5 (C.D. Cal. Sep. 8, 2020).

## <u>CONCLUSION</u>

For the reasons set forth above and in his Opening Brief, Plaintiff respectfully requests that

this action be remanded to New York State Supreme Court for New York County.

DATED: April 28, 2023

**HGT LAW**

*/s/ JooYun Kim*
Hung G. Ta, Esq.
JooYun Kim, Esq.
Natalia D. Williams, Esq.
250 Park Avenue, 7th Floor
New York, New York 10177
Tel:    (646) 453-7288
Fax:    (646) 453-7289
Email: hta@hgtlaw.com
           jooyun@hgtlaw.com
           natalia@hgtlaw.com


William R. Restis, Esq.
402 West Broadway, Suite 1520
San Diego, CA 92101
Tel: +1.619.270.8383
Email: william@restislaw.com

*Attorneys for Plaintiff and Proposed Class Counsel*