**Weil, Gotshal & Manges LLP**

767 Fifth Avenue
New York, NY 10153-0119
+1 212 310 8000 tel
+1 212 310 8007 fax

BY ECF

May 23, 2023

Honorable Lewis J. Liman
United States District Court for the Southern District of New York
Daniel Patrick Moynihan United State Courthouse
500 Pearl St.
New York, NY 10007-1312

Re: *Tobias Moeller-Bertram v. Gemini Trust Co., LLC, et al.*, No. 1:23-cv-02027 (S.D.N.Y.)

Dear Judge Liman:

Counsel for Defendants Digital Currency Group, Inc. ("DCG") and Plaintiff Tobias Moeller-Bertram respectfully submit this joint letter-motion and Stipulation and Proposed Order requesting to stay DCG's time to answer, move, or otherwise respond to the Complaint until after this Court resolves DCG's motion to transfer venue in light of the nearly identical, first-filed class action currently pending in the District of Connecticut. *See McGreevy et al v. Digital Currency Group, Inc. et al*, 3:23-cv-00082-SRU (D. Conn. Jan. 23, 2023) (the "*McGreevy* Action").

On March 15, 2023, this Court granted the parties' joint request to stay DCG's time to respond to the Complaint until after resolution of Plaintiff's motion to remand the Action to the Supreme Court of the State of New York, New York County. Dkt. No. 10.[1] On May 15, 2023, the Court denied Plaintiffs' motion to remand. *See* Dkt. No. 29. Accordingly, the deadline for Plaintiff and DCG to jointly submit a proposed schedule governing DCG's time to respond to the Complaint is May 30, 2023. Dkt. No. 10.

Following the Court's denial of the motion to remand, DCG sought consent from the *McGreevy* plaintiffs to transfer the District of Connecticut case to this Court; the *McGreevy* plaintiffs refused. In light of the *McGreevy* plaintiffs' refusal to consent to transfer to this Court, on May 17, 2023, DCG's

---

[1] On March 28, 2023, counsel for all parties submitted a joint letter requesting that the Court defer the deadlines for the Case Management Plan and Scheduling Order and adjourn the initial pre-trial conference (*see* Dkt. No. 8), and defer all discovery and further proceedings until after the resolution of Plaintiff's anticipated motion to remand and defendant Gemini Trust Company, LLC's motion to compel arbitration. Dkt. No. 20. That same day, the Court granted the parties' request and adjourned such deadlines *sine die*. Dkt. No. 22.

Hon. Lewis J. Liman                                                                                           Weil, Gotshal & Manges LLP
Page 2

counsel informed Plaintiff's counsel that DCG intends to file a motion to transfer venue to the District of Connecticut, where the *McGreevy* Action is pending. DCG will argue that the *McGreevy* Action, which remains in the pleading stage,[2] overlaps substantially with this Action as both cases arise from the same nucleus of facts, present overlapping legal issues, propose nearly identical class definitions, and assert control person liability claims against DCG for primary violations by Genesis Global Capital, Inc. DCG believes that due to the substantial overlap between this case and the earlier-filed *McGreevy* Action, the actions should be consolidated into a single federal forum in order to proceed efficiently and avoid the risk of duplicative or conflicting results.

Counsel for Plaintiff indicated that Plaintiff intends to oppose DCG's forthcoming motion to transfer. Accordingly, counsel for DCG and counsel for Plaintiff respectfully submit that it makes sense to resolve the issue of transfer before submitting a proposed schedule governing DCG's time to respond to the Complaint, and have agreed, subject to the Court's approval, to defer DCG's response to the Complaint until after the Court decides DCG's anticipated motion.

This is DCG's second request for an extension of time to respond to the Complaint. The requested extension does not affect any other dates in this Action, as all discovery and further proceedings have been deferred pending the Court's resolution of Gemini's motion to compel arbitration pursuant to the Court's March 28, 2023 Order (Dkt. No. 22). Further, all discovery is currently stayed under the Private Securities Litigation Reform Act of 1995, *see* 15 U.S.C. § 78u-4(b)(3)(B).

Accordingly, the undersigned counsel respectfully request that the Court enter an Order extending DCG's time to answer, move, or otherwise respond to the Complaint, as indicated in Exhibit A.

---

[2] Although the *McGreevy* court appointed lead plaintiffs on April 25, 2023, an operative or amended complaint has yet to be filed, nor is there any schedule in place governing the filing of any such pleading or DCG's responses thereto.

Hon. Lewis J. Liman  
Page 3 **Weil, Gotshal & Manges LLP**

Respectfully Submitted,

| | |
|---|---|
| */s/ Caroline H. Zalka* | */s/ JooYun Kim* |
| WEIL, GOTSHAL & MANGES LLP | HGT LAW |
| Jonathan D. Polkes | Hung G. Ta, Esq. |
| Caroline H. Zalka | JooYun Kim, Esq. |
| Stefania D. Venezia | Natalia D. Williams, Esq. |
| 767 5th Avenue | 250 Park Avenue, 7th Floor |
| New York, NY 10153 | New York, New York 10177 |
| Telephone: (212) 310-8000 | Tel: (646) 453-7288 |
| Facsimile: (212) 310-8007 | Fax: (646) 453-7289 |
| Email: jonathan.polkes@weil.com | Email: hta@hgtlaw.com |
| Email: caroline.zalka@weil.com | Email: jooyun@hgtlaw.com |
| Email: stefania.venezia@weil.com | Email: natalia@hgtlaw.com |
| *Attorneys for Defendant Digital Currency Group, Inc.* | *Attorneys for Plaintiff Tobias Moeller-Bertram* |