**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| TOBIAS MOELLER-BERTRAM, individually, and on behalf of all others similarly situated, </br></br>    Plaintiff, </br></br> v. </br></br> GEMINI TRUST COMPANY, LLC; and DIGITAL CURRENCY GROUP, INC. </br></br>    Defendants. | Case No. 1:23-cv-02027 </br></br> Hon. Lewis J. Liman |

**PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT DIGITAL CURRENCY GROUP, INC.'S MOTION TO TRANSFER**

# **TABLE OF CONTENTS**

                                                                                   **Page No.**

TABLE OF AUTHORITIES ................................................................................................... ii

PRELIMINARY STATEMENT .............................................................................................. 1

BACKGROUND ....................................................................................................................... 3

        A.      Plaintiff's Current Action in the Southern District of New York ........................... 3

        B.      The *Picha* Action Pending in the Southern District of New York ......................... 4

        C.      The SEC Action Against Gemini and Genesis Pending in the Southern District of New York ........................................................................ 5

        D.      The *McGreevy* Action Pending in the District of Connecticut ............................. 5

ARGUMENT ............................................................................................................................. 6

I.      LEGAL STANDARD ................................................................................................... 6

II.    DCG HAS FAILED TO MAKE A STRONG CASE FOR TRANSFERRING THIS ACTION TO THE DISTRICT OF CONNECTICUT .............................................. 7

        A.      Under The First-Filed Rule, The Forum Of The Related *Picha* Action, Which Was Commenced Here In The Southern District Of New York, Should Prevail ......................................................................................................... 8

        B.      The Balancing Of Convenience Mandates Keeping This Case In The Southern District Of New York ......................................................................... 11

CONCLUSION ....................................................................................................................... 13

## **TABLE OF AUTHORITIES**

**Page No(s).**

CASES

*Albert Fadem Tr. v. Duke Energy Corp.*,
   214 F. Supp. 2d 341 (S.D.N.Y. 2002) ................................................................................... 6

*Albright v. Terraform Labs, Pte. Ltd.*,
   2022 U.S. Dist. LEXIS 209074 (S.D.N.Y. Nov. 15, 2022) ................................................... 12

*DataCatalyst, LLC v. Infoverity, LLC*,
   2020 U.S. Dist. LEXIS 46990 (S.D.N.Y. Mar. 17, 2020) ...................................................... 7

*Emplrs. Ins. v. Fox Entm't Grp., Inc.*,
   522 F.3d 271 (2d Cir. 2008) ............................................................................................ 7, 11

*In re New Oriental Educ. & Tech. Grp. Sec. Litig.*,
   293 F.R.D. 483 (S.D.N.Y. 2013) ......................................................................................... 10

*MCM Prods. USA v. Botton*,
   2016 U.S. Dist. LEXIS 127426 (S.D.N.Y. Sep. 16, 2016) ..................................................... 6

*Oleg Cassini, Inc. v. Serta, Inc.*,
   2012 U.S. Dist. LEXIS 33875 (S.D.N.Y. Mar. 13, 2012) ...................................................... 9

*Pippins v. KPMG LLP*,
   2011 U.S. Dist. LEXIS 30678 (S.D.N.Y. Mar. 21, 2011) .................................................... 13

*POSVEN v. Liberty Mut. Ins. Co.*,
   303 F. Supp. 2d 391 (S.D.N.Y. 2004) ................................................................................. 10

*Sana Zara Bukhari v. Deloitte & Touche LLP*,
   2012 U.S. Dist. LEXIS 167315 (S.D.N.Y. Nov. 26, 2012) .................................................... 7

*Wagner v. Akin Gump Strauss Hauer & Feld LLP*,
   2016 U.S. Dist. LEXIS 164652 (S.D.N.Y. Nov. 28, 2016) .................................................... 7

Plaintiff Tobias Moeller-Bertram ("Plaintiff"), through his undersigned counsel, submits this memorandum of law in opposition to Defendant Digital Currency Group, Inc.'s ("DCG") Motion to Transfer to the District of Connecticut.

## PRELIMINARY STATEMENT

DCG has failed to discharge its burden of "making out a strong case for transfer," and its attempt to transfer this action to the United States District Court for the District of Connecticut should be rejected. DCG has two primary reasons for requesting transfer of this action. DCG argues that the *McGreevy* Action[1] substantially overlaps with this action and, thus, "should be transferred to a single venue in order to promote judicial efficiency and avoid conflicting decisions." DCG Br.[2] at 1. DCG also argues that this lawsuit should be transferred to the District of Connecticut because that is where the "first-filed" *McGreevy* Action was commenced. *Id.*

However, DCG completely ignores the fact that there is another substantially overlapping action that was filed here in the Southern District of New York <u>before</u> the *McGreevy* Action was commenced in the District of Connecticut. *See Picha, et al. v. Gemini Trust Company, LLC, et al.*, No. 1:22-cv-10922-NRB (S.D.N.Y. Dec. 27, 2022) ("*Picha* Action"). The *Picha* Action, this action and the *McGreevy* Action are all based on the same underlying allegations. Specifically, all of these actions bring claims arising out of the alleged illegal sale of unregistered securities through the Gemini Earn program (described below). Moreover, although Defendant DCG is not named in

---

[1] "*McGreevy* Action" refers to *McGreevy, et al. v. Digital Currency Group, Inc., et al.*, No. 3:23-cv-82 (D. Conn. Jan. 23, 20203).

[2] "DCG Br." refers to the Memorandum of Law in Support of DCG's Motion to Transfer to the District of Connecticut, filed May 23, 2023. ECF No. 33.

the *Picha* Action, Defendant Gemini is a named defendant in both this action and in the *Picha* Action.[3]

Accordingly, DCG's concerns about the conservation of judicial resources and the avoidance of duplicative or conflicting results (DCG Br. at 9) would not be ameliorated, but rather would be exacerbated, by transferring this action to the District of Connecticut. The core issue in this action, the *Picha* Action and the *McGreevy* Action is whether the investments sold through the Gemini Earn program constituted an illegal offering and sale of unregistered securities in violation of the federal securities laws. All other claims asserted in this action, the *Picha* Action and the *McGreevy* Action turn on whether there was an illegal sale of unregistered securities. Even if this action were transferred to the District of Connecticut, the issue of whether the Gemini Earn program investments were unregistered securities would still be litigated in this forum. Indeed, the interests of justice, judicial economy and convenience would be better served by transferring the *McGreevy* Action to this Court.

Additionally, as DCG concedes, there is also a related bankruptcy proceeding here in the Southern District of New York. *See* DCG Br. at 13. Indeed, on May 14, 2023, this Court denied Plaintiff's motion to remand this action to New York Supreme Court precisely because, the Court held that this action was related to the bankruptcy proceeding. ECF No. 29. This factor further supports keeping Plaintiff's action here in this forum.

For these reasons, as set forth in greater detail below, DCG's motion to transfer to the District of Connecticut should be denied.

---

[3] The Securities Exchange Commission ("SEC") also commenced a related action here before the *McGreevy* Action was filed. *See SEC v. Genesis Global Capital, LLC, et al.,* No. 23-cv-287 (S.D.N.Y. Jan. 12, 2023) ("SEC Action"). Defendant Gemini is also a named defendant in the SEC Action.

## BACKGROUND

A.    **Plaintiff's Current Action in the Southern District of New York**

On February 22, 2023, Plaintiff commenced this action in the New York State Supreme Court, New York County, under the caption *Tobias Moeller-Bertram v. Gemini Trust Company, LLC, et al.*, Index No. 151710/2023, against Defendants Gemini and DCG on behalf of all investors who invested in securities offered by Gemini through the so-called Gemini Earn program conducted between February 2021 and November 2022. ¶ 1.[4] Plaintiff alleges that Defendants engaged in an unregistered offer and sale of securities to U.S. retail investors in violation of the Securities Act of 1933 ("Securities Act"). Specifically, Plaintiff brings claims for violations of Sections 5, 12(a)(1) and 15 of the Securities Act, 15 U.S.C. §§ 77e, 77l(a)(1), 77o. ¶¶ 3, 99-112.

Plaintiff alleges that under the Gemini Earn program, investors tendered crypto assets to non-party Genesis Global Capital, LLC ("Genesis"). In exchange, Genesis promised to pay interest on those assets to investors. Through the unregistered offering, Defendants raised billions of dollars of crypto assets, principally from U.S. retail investors. ¶ 3. Genesis was the issuer and entity that received, deployed and paid interest on investors' assets. Genesis pooled the crypto assets from the Gemini Earn program with assets from other investors and primarily lent the crypto assets to institutional counterparties. ¶ 5. Genesis earned revenue by lending the crypto assets at a higher rate than it paid to the Gemini Earn investors and other investors. Genesis held approximately $900 million in investor assets from approximately 340,000 Gemini Earn investors. ¶ 9.

In addition to lending crypto assets to institutional borrowers, Genesis could also loan the crypto assets to related parties, including its parent company, Defendant DCG. In connection with

---

[4] "¶ [No.]" refers to the corresponding paragraph number of Plaintiff's Complaint for Violation of the Federal Securities, filed on February 22, 2023 in the New York State Supreme Court, New York County. *See* ECF No. 25-1.

a troubled investment product called Grayscale Bitcoin Trust offered by another of DCG's subsidiaries, Grayscale Investments, LLC, Defendant DCG caused Genesis to execute a number of non-arm's length and commercially unreasonable loans. ¶¶ 74-83.

In November 2022, Genesis unilaterally announced that it would not allow hundreds of thousands of retail investors to withdraw their crypto assets from the Gemini Earn program because of liquidity issues following volatility in the crypto asset market. ¶ 9.

On or about January 19, 2023, Genesis filed for bankruptcy protection under Chapter 11 of the Bankruptcy Code in the Southern District of New York. *Genesis Global Capital, LLC*, No. 1:23-bk-10064 (S.D.N.Y. Bankr. Jan. 19, 2023); *see also* ¶ 9.

On March 9, 2023, Defendant DCG removed Plaintiff's action to this Court. ECF No. 1.

On May 15, 2023, this Court denied Plaintiff's motion to remand. ECF No. 29.

On May 23, 2023, DCG filed this instant motion to transfer Plaintiff's action to the District of Connecticut. ECF Nos. 32-34.

**B.     The *Picha* Action Pending in the Southern District of New York**

On December 27, 2022, the *Picha* Action was commenced in this Court. *See Picha* Action, ECF No. 1 ("*Picha* Complaint"). An amended complaint was filed in the *Picha* Action on March 17, 2023. *Picha* Action, ECF No. 47 ("*Picha* Amended Complaint"). The underlying allegations in the *Picha* Complaint and the *Picha* Amended Complaint are substantially the same. The *Picha* Amended Complaint added named plaintiffs, allegations related to Gemini's changes to certain dispute resolution provisions and a cause of action for declaratory judgment. Motions for appointment to serve as lead plaintiffs were filed in the *Picha* Action. *Picha* Action, ECF Nos. 18, 28, 32, 38. However, the lead plaintiff motions have been stayed pending resolution of Defendants' motion to compel arbitration (*Picha* Action, ECF No. 42), which was fully briefed on May 19, 2023 (*Picha* Action, ECF No. 65).

The *Picha* Action asserts claims against Gemini, Tyler Winklevoss and Cameron Winklevoss,[5] for violations of the securities laws on behalf of investors in the "Gemini Earn" program. Among other things, the *Picha* plaintiffs allege that the defendants conducted an unregistered sale of securities through the Gemini Earn program and that Gemini made several material misstatements in connection with the Gemini Earn program. *Picha* Amended Complaint ¶¶ 103-108; 109-126.

### C. The SEC Action Against Gemini and Genesis Pending in the Southern District of New York

On January 12, 2023, the SEC commenced an action against Genesis and Gemini in the Southern District of New York. *See* SEC Action. In its complaint the SEC alleges that Genesis and Gemini engaged in an unregistered offer and sale of securities between February 2021 and November 2022 through the "Gemini Earn" program. *See* SEC Action, ECF No. 1 ("SEC Complaint") ¶ 1. The SEC seeks judgment permanently enjoining Genesis and Gemini from "violating, directly or indirectly, Sections 5(a) and 5(c) of the Securities Act"; ordering Genesis and Gemini to disgorge "all all-gotten gains"; and ordering Genesis and Gemini to pay civil penalties. SEC Complaint at 21.

Gemini and Genesis recently filed motions to dismiss the SEC Action.

### D. The *McGreevy* Action Pending in the District of Connecticut

After the *Picha* Action and the SEC Action were filed in the Southern District of New York, and after Genesis filed for bankruptcy in the Southern District of New York, on January 23, 2023, the *McGreevy* Action was filed in the District of Connecticut against DCG and Barry Silbert (founder and CEO of DCG). *See* ECF No. 34-1 (*McGreevy* Complaint). The *McGreevy* plaintiffs

---

[5] Tyler Winklevoss is the co-founder and CEO of Gemini, and owns a substantial equity stake in Gemini. *Picha* Amended Complaint ¶ 14. Cameron Winklevoss is the co-founder and President of Gemini, and owns a substantial equity stake in Gemini. *Id.* ¶ 15.

allege, among other things, that the investments in the Gemini Earn program were unregistered securities, that DCG entered into a transaction with Genesis to conceal its insolvency and to continue the Gemini Earn program, and that DCG and Silbert were liable as control persons pursuant to Section 15 of the Securities Act for Genesis' alleged violations of Section 5 and 12(a)(1). DCG Br. at 3 (citing *McGreevy* Complaint ¶¶ 1, 76, 84, 92, 125-37, 162-91).

## ARGUMENT

### I.     LEGAL STANDARD

"Courts undertake a two-part inquiry to decide whether a transfer is proper. First, the Court determines whether the action could have been brought in the proposed forum. If so, the Court then determines whether the interest of justice and the convenience of witnesses make transfer appropriate." *MCM Prods. USA v. Botton*, 2016 U.S. Dist. LEXIS 127426, at *7 (S.D.N.Y. Sep. 16, 2016) (citations omitted). The second part of the inquiry is the focus here. In conducting this inquiry, "courts commonly consider such factors as (1) the plaintiff's choice of forum, (2) the convenience of witnesses, (3) the location of relevant documents and relative ease of access to sources of proof, (4) the convenience of parties, (5) the locus of operative facts, (6) the availability of process to compel the attendance of unwilling witnesses, (7) the relative means of the parties, (8) the forum's familiarity with the governing law, and (9) trial efficiency and the interests of justice, based on the totality of the circumstances." *Albert Fadem Tr. v. Duke Energy Corp.*, 214 F. Supp. 2d 341, 343 (S.D.N.Y. 2002) (citations omitted). "These factors do not comprise an exclusive list, nor are they to be applied in a mechanical or formulaic manner. Rather, they, and any other factors peculiar to the particular case in question, serve as guideposts to the Court's informed exercise of discretion." *Id*.

"Where a parallel lawsuit was filed before the one at hand, the 'first-filed rule' may apply to guide the Court's inquiry." *Sana Zara Bukhari v. Deloitte & Touche LLP*, 2012 U.S. Dist.

LEXIS 167315, at *6 (S.D.N.Y. Nov. 26, 2012). Under the first-filed rule, as between the two competing lawsuits, courts generally transfer the later-filed action in favor of the first-filed action. Doing so "facilitates judicial administration and conservation of resources by avoiding duplicative litigation and honoring the plaintiff's choice of forum." *Id.* at *7-8. "The first-filed doctrine is a presumption rather than a rigid rule. Accordingly, the presumption may be overridden by two exceptions: (1) where the balance of convenience favors the second-filed action, and (2) where special circumstances warrant giving priority to the second suit." *Wagner v. Akin Gump Strauss Hauer & Feld LLP*, 2016 U.S. Dist. LEXIS 164652, at *4 (S.D.N.Y. Nov. 28, 2016) (internal quotation marks and citations omitted). "[T]he factors relevant to the balance of convenience analysis are essentially the same as those considered in connection with motions to transfer venue pursuant to 28 U.S.C. § 1404(a)." *Emplrs. Ins. v. Fox Entm't Grp., Inc.*, 522 F.3d 271, 275 (2d Cir. 2008) (internal quotation marks and citation omitted).

The moving party has the burden of "making out a strong case for transfer." *DataCatalyst, LLC v. Infoverity, LLC*, 2020 U.S. Dist. LEXIS 46990, at *9 (S.D.N.Y. Mar. 17, 2020) (internal quotation marks and citation omitted). DCG has failed to satisfy its burden.

## II. DCG HAS FAILED TO MAKE A STRONG CASE FOR TRANSFERRING THIS ACTION TO THE DISTRICT OF CONNECTICUT

DCG primarily relies on the "first-filed" rule and argues that because the *McGreevy* Action was filed approximately one month before Plaintiff's action, and the two cases are substantially similar, DCG's motion to transfer should be granted. DCG Br. at 8-13. However, the related *Picha* Action and the SEC Action were both filed in the Southern District of New York before the *McGreevy* Action was filed in the District of Connecticut. Accordingly, pursuant to DCG's own analysis, the *McGreevy* Action should be transferred to this Court, and not remain in the District of Connecticut. Furthermore, even if the relevant inquiry is to compare the date of filing of the

7

*McGreevy* Action and the date Plaintiff filed this specific action, the presumption favoring the forum of first-filed lawsuit is overcome here because the balance of convenience favors keeping Plaintiff's action in the Southern District of New York.

    A.    **Under The First-Filed Rule, The Forum Of The Related *Picha* Action, Which Was Commenced Here In The Southern District Of New York, Should Prevail**

DCG argues that there is a strong presumption favoring the forum of the first-filed action. However, as discussed below, that presumption would apply to the earlier filed *Picha* Action and SEC Action, and militates against transferring this case to the District of Connecticut.

The *Picha* Action, the *McGreevy* Action and Plaintiff's action are all based on the same set of core allegations.[6] All three actions assert claims against Gemini, DCG, the Winklevosses and/or Silbert arising from allegations that the Gemini Earn program was an illegal sale of unregistered securities, in which investors tendered various crypto assets to non-party Genesis (which has filed for bankruptcy in the Southern District of New York). *See*, *e.g.*, *Picha* Amended Complaint ¶ 4 ("Gemini offered and sold unregistered securities… in violation of Section 5 and 12(a)(1) of the Securities Act"); *McGreevy* Complaint ¶¶ 1, 29 ("Plaintiffs bring this action against Defendants DCG and Barry Silbert seeking damages for their liability as Control Persons as provided for by the federal securities laws. Plaintiffs are digital asset lenders who engaged in digital asset lending transactions with Defendant-controlled subsidiary company Genesis" and "seek relief, on behalf of themselves and the proposed Classes, for the injuries they have sustained as a result of Defendants' unlawful sale of unregistered securities in violation of Section 5 and 12(a)(1) of the Securities Act"); ¶ 1 ("Plaintiff brings this class action against Defendants under

---

[6]    Indeed, DCG argues that this "case is unquestionably 'related' to the *McGreevy* [A]ction." DCG Br. at 7. For the same reasons, this case and the *McGreevy* Action are also "unquestionably related to" the *Picha* Action.

Sections 5, 12 and 15 of the Securities Act… on behalf of all investors [ ] who invested in securities offered by Defendant Gemini through the so-called 'Gemini Earn' program"). In all three actions, the plaintiffs have asserted claims for violations of the Securities Act, the Securities Exchange Act of 1934 ("Exchange Act") and/or common law claims.

The three actions are also related to the SEC Action pending in the Southern District of New York against Gemini and Genesis for violations of the Securities Act and the Exchange Act. *See* Appendix A (setting forth the named defendants and specific claims asserted in each action).

Although the parties and claims differ slightly in each action, the core allegations are substantially the same. For purposes of a determining whether to grant a motion to transfer and the first-filed doctrine, "the issues need not be identical, and the named parties need not be entirely the same provided that they represent the same interests." *Oleg Cassini, Inc. v. Serta, Inc.*, 2012 U.S. Dist. LEXIS 33875, at *8 (S.D.N.Y. Mar. 13, 2012).

Additionally, the *Picha* Action, the *McGreevy* Action and this action are related to the *Genesis* bankruptcy proceeding. Indeed, DCG's very basis for removing this action from New York State Supreme Court to federal court was that Plaintiff's action is related to the *Genesis* bankruptcy in the Southern District of New York. *See* DCG Notice of Removal, ECF No. 1 ¶¶ 5-10 (arguing that Plaintiff's action was related to the bankruptcy proceedings filed by Genesis, and its affiliates Genesis Global Holdco, LLC and Genesis Asia Pacific PTE Ltd, and thus, removal to this Court was appropriate). Then, in opposing Plaintiff's motion to remand to New York State Supreme Court, DCG reiterated that this action was related to the Genesis bankruptcy proceeding. *See* DCG's Memorandum of Law in Opposition to Motion to Remand, filed April 21, 2023 (ECF

No. 26). This Court agreed and issued an order denying Plaintiff's motion to remand.[7] ECF No. 29.

The related *Picha* Action was filed before the *McGreevy* Action. In addition, the related SEC Action and the related Genesis bankruptcy proceeding were also commenced in the Southern District of New York before the *McGreevy* Action was filed. The only related case that was filed after the *McGreevy* Action is Plaintiff's case here. However, moving this case to the District of Connecticut will defeat, and not further, the underlying purposes of transferring actions, namely "the interests of fairness, efficiency and judicial economy by preventing duplicative proceedings and [ ] reducing the overall burden on the parties, non-party witnesses and the judicial system." *POSVEN v. Liberty Mut. Ins. Co.*, 303 F. Supp. 2d 391, 406 (S.D.N.Y. 2004). Defendant Gemini will be forced to litigate in two different forums, and the same core allegations and claims will be adjudicated before two different courts.[8]

Accordingly, DCG's motion to transfer should be denied for this reason alone.

---

[7]    This Court has also suggested that this action is related to the *Picha* Action. On May 23, 2023, this Court so-ordered the stipulation between Plaintiff and Defendant Gemini to stay Gemini's pending motion to compel arbitration of this action until after a decision on a motion to compel arbitration in the "similar" *Picha* Action, which has been fully briefed. ECF No. 29. Whether the *Picha* Action and Plaintiff's action here should be consolidated or coordinated may be determined at a later date after the pending motions to compel arbitration in both actions are resolved. *See, e.g., In re New Oriental Educ. & Tech. Grp. Sec. Litig.*, 293 F.R.D. 483, 489 (S.D.N.Y. 2013) (ordering that two related actions be coordinated for discovery and case management purposes and noting that the court could revisit the issue of consolidation for trial at the conclusion of discovery).

[8]    DCG also argues that transfer is especially appropriate because a lead plaintiff has already been appointed in the *McGreevy* Action. DCG Br. at 9. However, the *McGreevy* Action is not significantly more procedurally advanced than this action or the *Picha* Action. As described above, in the *Picha* Action, the lead plaintiff process was begun, but stayed pending the fully briefed motion to compel arbitration. *Picha* Action ECF No. 42. In the *McGreevy* Action, there is a pending motion for partial modification of the PSLRA discovery stay. *McGreevy* Action ECF No. 40. Additionally, the parties in *McGreevy* Action have requested to extend the deadline to file a consolidated class action complaint until after resolution of the PSLRA discovery motion and the instant motion to transfer this case. *McGreevy* Action ECF No. 56.

### B. The Balancing Of Convenience Mandates Keeping This Case In The Southern District Of New York

Even if the forum of the earlier filed, related *Picha* Action does not prevail over the forum of the *McGreevy* Action, DCG's motion to transfer should still be denied under the balancing of convenience exception. As discussed above, the factors considered on a motion to transfer (*i.e.*, the interest of justice and convenience to witnesses) are essentially the same as the factors determining the balance of convenience exception to the first-filed rule. *See supra* Section I (quoting *Emplrs. Ins.*, 522 F.3d at 275 (2d Cir. 2008) ("[T]he factors relevant to the balance of convenience analysis [exception to the first-filed rule] are essentially the same as those considered in connection with motions to transfer venue pursuant to 28 U.S.C. § 1404(a)")). DCG's arguments as to the application of the balance of convenience exception are without merit.

First, DCG argues that the convenience of the parties factor favors transfer because neither Plaintiff nor DCG resides in New York, and because DCG's headquarters are located in Connecticut. DCG Br. at 11. However, DCG's argument ignores the fact that Defendant Gemini is located in New York. As alleged in the Complaint, Gemini is a New York limited liability trust company with its principal place of business in New York, New York. ¶ 15. Moreover, prior to moving to Connecticut, DCG maintained its principal place of business in New York, New York. ¶ 16. Accordingly, it would be more convenient for all parties to litigate this action in the Southern District of New York.

Second, DCG argues that the location of the documents and the locus of operative facts support transfer to the District of Connecticut. DCG Br. at 11. In support of this argument, DCG argues that "[t]he gravamen of Plaintiff's action is that DCG is liable as a control person of Genesis for Genesis's alleged breach of securities registration requirements." *Id.* This description of Plaintiff's Complaint is blatantly incorrect. The "gravamen" of Plaintiff's action is whether there

11

was an unlawful sale of unregistered securities through the Gemini Earn program. Plaintiff's claim for a primary violation of the Securities Act resulting from the sale of unregistered securities is against Defendant Gemini. ¶¶ 99-104. Plaintiff's secondary claim for control person liability under the Securities Act is against Defendant DCG. ¶¶ 105-112. Additionally, DCG also concedes that for at least part of the class period, DCG was located in New York. DCG Br. at 11-12. Thus, although some of the documents and locus of operative facts with respect to DCG's control person liability may be in Connecticut, the bulk of the evidence related to the core allegations of the unlawful sale of unregistered securities is located in New York, where Gemini's headquarters are maintained.

Third, DCG argues that the relative means of the parties, the subpoena power of the respective courts, the convenience of the witnesses and Plaintiff's choice of forum are all neutral factors. DCG Br. at 12. This argument is incorrect. The convenience of the witnesses substantially favors keeping this action in New York. Not only is Gemini located in New York, but the controlling individuals of Gemini are also located in New York. As Plaintiff alleges, Gemini is "beneficially owned and controlled by Cameron and Tyler Winklevoss through Winklevoss Capital Fund, LLC." ¶ 15. Cameron and Tyler Winklevoss are presumably citizens and residents of New York. *See Picha* Amended Complaint ¶¶ 14-15. Furthermore, as the issuer of the investments in the Gemini Earn program, Genesis is a critical witness. As alleged in the Complaint, Genesis's principal place of business is in Jersey City, New Jersey. ¶ 17. New York, New York would be more convenient for Genesis than New Haven, Connecticut.

Because three factors—convenience of the parties, location of documents and locus of operative facts; and convenience of the witnesses—weigh against transfer and because none favor transfer, DCG's motion to transfer should be denied. *See, e.g., Albright v. Terraform Labs, Pte. Ltd.,* 2022 U.S. Dist. LEXIS 209074, at *15 (S.D.N.Y. Nov. 15, 2022) (declining to transfer case

where two of the convenience factors weigh heavily against transfer and none in favor); *Pippins v. KPMG LLP*, 2011 U.S. Dist. LEXIS 30678, at *15 (S.D.N.Y. Mar. 21, 2011) (denying transfer and explaining that "the application of the first-filed rule is diminished" where the balance of convenience weighs in favor of the maintain the action in the Southern District of New York).

## CONCLUSION

For the reasons set forth above Plaintiff respectfully requests that DCG's motion to transfer this action to the District of Connecticut be denied.

DATED: June 6, 2023

                                              **HGT LAW**

                                              */s/ JooYun Kim*
                                              Hung G. Ta, Esq.
                                              JooYun Kim, Esq.
                                              Natalia D. Williams, Esq.
                                              250 Park Avenue, 7th Floor
                                              New York, New York 10177
                                              Tel:   (646) 453-7288
                                              Fax:  (646) 453-7289
                                              Email: hta@hgtlaw.com
                                                           jooyun@hgtlaw.com
                                                           natalia@hgtlaw.com

                                              William R. Restis, Esq.
                                              402 West Broadway, Suite 1520
                                              San Diego, CA 92101
                                              Tel: +1.619.270.8383
                                              Email: william@restislaw.com

                                              *Attorneys for Plaintiff and Proposed Class Counsel*

13

### APPENDIX A: Claims and Defendants in the Relevant Actions

| Defendants | *Picha* Action | SEC Action | *McGreevy* Action | Plaintiff's Action |
|---|---|---|---|---|
| Gemini Trust Company LLC ("Gemini") | ✓ | ✓ | | ✓ |
| Tyler Winklevoss, co-founder and CEO of Gemini | ✓ | | | |
| Cameron Winklevoss,[1] co-founder and President of Gemini | ✓ | | | |
| Digital Currency Group Inc. ("DCG") | | | ✓ | ✓ |
| Barry Silbert, founder of DCG | | | ✓ | |
| Genesis Global Capital, LLC ("Genesis") | | ✓ | | |
| **Overlapping Claims** | *Picha* Action[2] | SEC Action[3] | *McGreevy* Action | Plaintiff's Action |
| Sections 5 and 12(a)(1) of the Securities Act[4] | Against Gemini | Section 5 claim against Gemini and Genesis | Against DCG and Silbert | Against Gemini |
| Section 15 of the Securities Act | Against Winklevosses | | Against DCG and Silbert | Against DCG |
| Section 10b-5 of Exchange Act[5] and Rule 10b-5 | Against Gemini | | Against DCG and Silbert | |
| Sections 5 and 29(b) of the Exchange Act | Against Gemini | | | |
| Sections 15(a)(1) and 29(b) of the Exchange Act | Against Gemini | | | |
| Section 20 of the Exchange Act | Against Winklevosses | | Against DCG and Silbert | |

---

[1] Together with Tyler Winklevoss, the "Winklevosses."

[2] The plaintiffs in *Picha* also assert state law claims for: common law fraud; aiding and abetting fraud; negligent misrepresentation against Gemini; unjust enrichment; and declaratory judgment.

[3] The SEC also asserts claims under Section 21(d) of the Exchange Act and Section 20(d) of the Securities Act.

[4] "Securities Act" refers to the Securities Act of 1933.

[5] "Exchange Act" refers to the Securities Exchange Act of 1934.