UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
:
TOBIAS MOELLER-BERTRAM, individually, and on :
behalf of all others similarly situated, :
:
                                 Plaintiff, :        23-cv-2027 (LJL)
:
                        -v- :       MEMORANDUM AND
:            ORDER
GEMINI TRUST COMPANY, LLC, and DIGITAL :
CURRENCY GROUP, INC., :
:
                               Defendants. :
:
-------------------------------------------------------------------X

LEWIS J. LIMAN, United States District Judge:

      Defendant Digital Currency Group, Inc. ("DCG") moves, pursuant to 28 U.S.C. § 1404(a), to transfer this action to the United States District Court for the District of Connecticut. Dkt. No. 32. For the following reasons, the motion is granted.

## BACKGROUND

      Plaintiff commenced this action by filing his complaint (the "Complaint") in New York State Supreme Court, New York County on February 22, 2023. Dkt. No. 1-1. Plaintiff was an investor in a program administered by non-party Genesis Global Capital, LLC ("Genesis"), called the "Gemini Earn" program, pursuant to which investors tendered crypto assets to Genesis in exchange for interest to be paid on those assets. *Id.* ¶¶ 3, 14. He suffered losses when, in November 2022, Genesis unilaterally announced that it would not allow retail investors to withdraw their crypto assets from the Gemini Earn program because, in the wake of volatility in the crypto asset market, withdrawal requests exceeded Genesis's current liquidity. *Id.* ¶ 9. Genesis filed for protection under Chapter 11 of the Bankruptcy Code on January 20, 2023. *Id.* Plaintiff alleges that DCG and Gemini Trust Company, LLC ("Gemini," and with DCG,

"Defendants") committed actionable violations of Sections 5, 12, and 15 of the Securities Act of 1933 ("Securities Act"), 15 U.S.C. §§ 77e, 77l, 77o, in connection with the Gemini Earn Program by requiring Gemini Earn investors to enter into tri-party Gemini Earn Agreements with Genesis and Gemini that constituted an unregistered offering of securities. *Id.* ¶¶ 1, 4. Plaintiff alleges that DCG is liable as a "control person" of Genesis under Section 15 of the Securities Act. *Id.* ¶¶ 108–110. Plaintiff sues on behalf of investors who invested in the alleged securities offered by Gemini through the Gemini Earn program from approximately February 2021 to November 2022. *Id.* ¶¶ 1, 93.

On March 9, 2023, DCG removed the action, with the consent of Gemini, to this Court. Dkt. No. 1.[1] On May 15, 2023, the Court issued an Opinion and Order, denying Plaintiff's motion to remand the action to state court. Dkt. No. 29. The Court ruled that the case was properly removed under 28 U.S.C. § 1452(a). *Id.* On April 24, 2024, the Court granted Gemini's motion to compel arbitration on consent and stayed Plaintiff's claims against Gemini pending the outcome of the arbitration. Dkt. No. 45.[2]

At the time this action was filed in New York State Supreme Court, a virtually identical securities class action complaint had already been filed in the United States District Court for the

---

[1] Although removal under Section 1452(a) of Title 28 does not require the unanimous consent of the defendants, removal under Section 1441(a) does require such consent. *See Cal. Pub. Emps.' Ret. Sys. v. WorldCom, Inc.*, 368 F.3d 86, 103 (2d Cir. 2004).

[2] Gemini made its motion to compel arbitration on March 16, 2023. Dkt. No. 14. On March 28, 2023, counsel for Gemini and Plaintiff agreed to stay Plaintiff's time to respond to the motion to compel arbitration until after the Court ruled on the motion to remand. Dkt. No. 21. On May 23, 2023, after the Court decided the motion to remand, counsel for Gemini and Plaintiff agreed to stay the motion to compel until after another court in this District ruled on a similar motion in *Picha, et al. v. Gemini Trust Co., LLC, et al.*, 22-cv-10922(NRB) ("*Picha*"). Dkt. No. 36. On March 5, 2024, Judge Buchwald granted the motion to compel arbitration in *Picha* and stayed the case pending the outcome of the arbitration. 22-cv-10922(NRB), Dkt. No. 81. Counsel for Gemini and Plaintiff agreed that the motion to compel arbitration should be granted in this case following the decision in *Picha*. Dkt. No. 44.

District of Connecticut. *McGreevy et al. v. Digital Currency Group, Inc., et al.*, 3:23-cv-82-SRU. Dkt. No. 34 ¶ 2. The plaintiffs in *McGreevy* also participated in the Gemini Earn program by lending their crypto assets in exchange for the promise that they would be paid high rates of interest. Dkt. No. 34-1. They assert claims under Sections 5, 12(a)(1) and 15 of the Securities Act and bring their claims on behalf of classes defined as "[a]ll persons or entities who participated in the [Gemini] Lending Programs from inception to November 16, 2022," and "[a]ll persons or entities who participated in the Lending Programs and had digital loans outstanding at Genesis Global Capital as of November 16, 2022." *Id.* ¶¶ 203, 217–234. The *McGreevy* plaintiffs allege that DCG is liable as a control person. *Id.* ¶ 223.[3]

DCG filed this motion to transfer venue to the United States District Court for the District of Connecticut on May 23, 2023, Dkt. No. 32; Plaintiff submitted a memorandum of law in opposition on June 6, 2023, Dkt. No. 37; and DCG submitted a reply memorandum of law in further support of the motion on June 13, 2023, Dkt. No. 38.

## DISCUSSION

Section 1404(a) of Title 28 of the U.S. Code vest a district court with the discretion to transfer a civil action "[f]or the convenience of parties and witnesses [and] in the interest of justice" to any district in which it might have been brought or to which all parties have consented. 28 U.S.C. § 1404(a). To determine whether transfer is appropriate, the Court applies a two-step inquiry. First, it determines "whether the action could have been brought in the proposed transferee court." *Inventel Prods. LLC v. Penn LLC*, 2017 WL 818471, at *2 (S.D.N.Y. Feb. 28, 2017) (Nathan, J.). Second, the Court "'balance[s] the private and public interests,' to determine whether transfer is warranted '[f]or the convenience of parties and

---

[3] The *McGreevey* plaintiffs also assert claims under Sections 10(b) and 20(a) of the Securities Exchange Act of 1934. *Id.* ¶¶ 235–260.

witnesses, [and] in the interest of justice.'" *Id.* (alterations in original) (first quoting *Gross v. Brit. Broad. Corp.*, 386 F.3d 224, 230 (2d Cir. 2004), and then quoting 28 U.S.C. § 1404(a)). "Among the factors to be considered in determining whether to grant a motion to transfer venue 'are, *inter alia*: (1) the plaintiff's choice of forum, (2) the convenience of witnesses, (3) the location of relevant documents and relative ease of access to sources of proof, (4) the convenience of parties, (5) the locus of operative facts, (6) the availability of process to compel the attendance of unwilling witnesses, and (7) the relative means of the parties.'" *N.Y. Marine & Gen. Ins. Co. v. Lafarge N. Am., Inc.*, 599 F.3d 102, 112 (2d Cir. 2010) (quoting *D.H. Blair & Co., Inc. v. Gottdiener*, 462 F.3d 95, 106–07 (2d Cir. 2006)). "[T]he party requesting transfer carries the 'burden of making out a strong case for transfer.'" *Id.* at 114 (quoting *Filmline (Cross–Country) Prods., Inc. v. United Artists Corp.*, 865 F.2d 513, 521 (2d Cir. 1989)). Accordingly, "district courts in our Circuit have consistently applied the clear and convincing evidence standard in determining whether to exercise discretion to grant a transfer motion," *id.* (collecting cases), and operate with considerable discretion, *see Forjone v. California*, 425 F. App'x 73, 74 (2d Cir. 2011) (summary order) ("The determination whether to grant a change of venue requires a balancing of conveniences, which is left to the sound discretion of the district court." (quoting *Filmline*, 865 F.2d at 520)).

There is no dispute that this action could have been brought in the District of Connecticut. Defendants are subject to personal jurisdiction in Connecticut because DCG's principal place of business is in Connecticut and both Defendants are residents of the United States. Dkt. No. 1-1 ¶¶ 15–16; *see Collier v. Stuart-James Co.*, 1990 WL 55798, at *3 (S.D.N.Y. Apr. 26, 1990). Venue likewise lies in Connecticut because DCG's principal place of business is in Connecticut and a substantial part of the events and omissions giving rise to the claims

therefore occurred in Connecticut.  28 U.S.C. § 1391(b)(2).

Transfer of this case to the District of Connecticut also is warranted for the convenience of the parties and the witnesses and in the interest of justice.  The *McGreevy* action is the first-filed complaint, and it alleges near-identical claims on the basis of near-identical allegations against DCG on behalf of a class that is identical to the putative class here.  There is a general presumption that "where there are two competing lawsuits, the first suit should have priority, absent the showing of a balance of convenience . . . or . . . special circumstances . . . giving priority to the second."  *First City Nat'l Bank & Tr. Co. v. Simmons*, 878 F.2d 76, 79 (2d Cir. 1989) (quoting *Motion Picture Lab'y Technicians Local 780, I.A.T.S.E. v. McGregor & Werner, Inc.*, 804 F.2d 16, 19 (2d Cir. 1986)).  Plaintiff "has not shown that special circumstances exist in this case to justify an exception to the principle that the first filed action should be given priority."  *Mastercard Int'l Inc. v. First Nat. Bank of Omaha, Inc.*, 2002 WL 31521091, at *1 (S.D.N.Y. Nov. 13, 2002).  The balance of convenience also manifestly favors litigation in the District of Connecticut.  DCG's principal place of business is in Connecticut, and Plaintiff does not dispute that he "is a resident of California, not New York, and therefore must travel a substantial distance regardless of whether this litigation proceeds in New York or [Connecticut]."  *Tole v. Glenn Miller Prods., Inc.*, 2013 WL 4006134, at *3 (S.D.N.Y. Aug. 6, 2013).  The convenience of the parties thus favors transfer.  The location of documents and locus of operative facts also support transfer to Connecticut where DCG is located.  *See Lewis v. C.R.I., Inc.*, 2003 WL 1900859, at *3 (S.D.N.Y. Apr. 17, 2003).  And the remaining factors are all neutral.  *See Garity v. Tetraphase Pharms. Inc.*, 2019 WL 2314691, at *2 (S.D.N.Y. May 30, 2019) (explaining "courts afford little weight to a plaintiff's choice of forum in a securities class action").

5

Plaintiff's principal argument in opposition is that the *Picha* action was filed in this District before the *McGreevy* action was filed in Connecticut and therefore the *Picha* action is the first-filed complaint. Dkt. No. 37 at 1. He thus argues "the interests of justice, judicial economy and convenience would be better served by transferring the *McGreevy* Action to this Court." *Id.* at 2. But *Picha* does not name DCG as a defendant, and unlike this action and *McGreevy* it does not allege that the tri-party lending agreements among Gemini, Genesis and investors constitute the unregistered security. 22-cv-10922(NRB), Dkt. No. 1. Accordingly, *McGreevy* is properly considered the first-filed action.[4] *See Travis v. Navient Corp.*, 284 F. Supp. 3d 335, 348 (E.D.N.Y. 2018) (Bianco, J.) (explaining the first-filed rule requires "identical or substantially similar parties and claims" (quoting *Pippins v. KPMG LLP*, 2011 WL 1143010, at *2 (S.D.N.Y. Mar. 21, 2011))). Moreover, the plaintiff in *Picha* has now been compelled to arbitrate. There would therefore be no efficiency in the Court retaining venue of this action now that *Picha* has been stayed in favor of arbitration. *See One World Botanicals Ltd. v. Gulf Coast Nutritionals, Inc.*, 987 F. Supp. 317, 329 (D.N.J. 1997).

---

[4] Plaintiff also asserts that the United States Securities and Exchange Commission ("SEC") "commenced a related action here [against Gemini] before the *McGreevy* Action was filed." Dkt. No. 37 at 2 (citing *SEC v. Genesis Global Cap., LLC, et al.*, No. 23-cv-287(ER)). But "the plaintiff in the [SEC] litigation—a government entity—is not identical or substantially similar to the private plaintiff[] in this suit." *Blue Cross & Blue Shield of Vt. v. Teva Pharms. Indus. Ltd.*, 2022 WL 20668178, at *3 (D. Vt. Nov. 21, 2022).

## CONCLUSION

For the foregoing reasons, DCG's motion to transfer is GRANTED. The Clerk of Court is respectfully directed to close Dkt. No. 32, and transfer this case to the United States District Court for the District of Connecticut without delay.

SO ORDERED.

Dated: April 29, 2024
      New York, New York

                                  LEWIS J. LIMAN
                              United States District Judge